RECEIVED
APR 21 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ADAM DEVILLE AND JOYCE DEVILLE | CIVIL ACTION NO. 1:15-CV-01173 |
| -vs- | JUDGE DRELL |
| FRED'S STORES OF TENNESSEE, INC. | MAGISTRATE JUDGE PEREZ-MONTES |

## RULING

Before the Court is the motion of defendant Fred's Stores of Tennessee ("Fred's"), for summary judgment. (Doc. 23). All responsive pleadings have since been filed (Docs. 25, 26), and the matter is ready for disposition. For the following reasons, Fred's Motion for Summary Judgment will be **GRANTED**.

### I.  Background and Procedural History

Fred's removed this suit pursuant to diversity jurisdiction under 28 U.S.C. §1332. (Doc. 1, p. 1). Adam and Joyce Deville ("Plaintiffs") filed the original action on February 13, 2015 in the 12th Judicial District Court (Avoyelles Parish, Louisiana), which was subsequently removed by Fred's alleging complete diversity between the parties as Fred's is incorporated in Tennessee and Plaintiffs are domiciled in Louisiana. (Doc. 1, p. 2). Fred's also urged that Plaintiffs claim damages in excess of $75,000, fulfilling the monetary requirement for diversity jurisdiction.

This suit arises out of an accident that occurred in a Fred's Store located in Bunkie, Louisiana. (Doc. 1-2, p. 1). The undisputed facts are few. On May 15, 2015, Mr. Deville was walking in the Fred's store when he slipped and fell on something wet on the floor. Id. After he fell, a bottle of

1

Pine Sol with a missing lid was found on a nearby shelf. (Doc. 23-1, p. 1). Mr. Deville claims he suffered personal injuries as a result of Fred's negligence or fault under Louisiana's Merchant Liability statute, La. R.S. 9:2800.6. (Doc. 1-2, p.1). Additionally, Mrs. Deville makes a loss of consortium claim under L.S.A. Civil Code 2315. (Doc. 1-2, p. 2).

Fred's filed this motion for summary judgement claiming Plaintiffs cannot carry their burden of establishing that Fred's created or had actual or constructive notice of the spill at the time of the accident. (Doc. 23). Plaintiffs have opposed Fred's motion for summary judgement (Doc. 25) and Fred's timely replied (Doc. 26), completing the record with all necessary briefs.

Having carefully considered the motion, supporting documents, and briefs, we find the following:

## II. Law and Analysis

### A. Summary Judgment Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the non-movant bears the burden of proof at trial, the movant need not disprove every element of the non-movant's case; rather, the movant can satisfy his burden by pointing to the absence of evidence to support the non-movant's case. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). Further, we consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 (5th Cir. 2011) (internal quotations omitted). In this analysis, we review facts and draw all inferences most favorable to the nonmovant; "[h]owever, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996). It is

important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

### B. Applying Louisiana's Merchant Liability Statute

Louisiana's merchant liability "slip and fall" statute governs Plaintiff's claims. The Plaintiffs' burden of proof is set forth in the Louisiana Merchant Liability Act, LA. R.S. 9:2800.6 which provides in relevant part:

> B. In a negligence claim brought against a merchant[1] by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient alone, to prove failure to exercise reasonable care.
>
> C. Definitions:
>
> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

La.R.S. 9: 2800.6(B)(2). Plaintiff bears this burden of proof and "the failure to prove any of these elements is fatal to the claimant's cause of action." White v. Wal-Mart Stores, Inc., 699 So.2d 1081, 1082 (La. 1997).

---

[1] La. R.S. 9:2800.6(C)(2) reads: "'Merchant' means one whose business is to sell goods, foods, wares or merchandise at a fixed place of business." There is no dispute that Fred's satisfies this requirement.

As discovery has been completed in this matter and all relevant parties have been deposed, Fred's motion for summary judgment claims Plaintiffs cannot meet their burden of proving that Fred's had actual or constructive knowledge of the spill. (Doc. 23-1, p. 3). Approximately thirty to forty-five minutes prior to Mr. Deville's fall, Mr. Kameron Wade, a Fred's employee, stocked items near the accident area and did not notice any spill or an open Pine-Sol bottle at any time. (Doc. 23-1, p. 5; Doc. 25, p.4). The manager at the time of the incident was not aware of the spill because she had been in the back of the store packing boxes and was alerted of the substance on the floor only after Mr. Deville fell. (Doc. 23-1, p. 4; Doc. 25-4, p. 5). A third employee monitored the cash register and did not leave the register as per Fred's employee policy. (Doc. 23-1, p. 6, Doc. 25-6, p. 4). As Fred's employees were working in other areas of the store prior to and at the time of Mr. Deville's fall, Fred's did not have actual knowledge of the substance on the floor. Accordingly, the only other means by which Plaintiffs can sustain their burden of proof is to prove Fred's had constructive knowledge of the spill.

Plaintiffs argue that Mr. Wade, the employee stocking items near the accident area, should have been aware of the spill because he was working in the affected area at least thirty minutes prior to Mr. Deville's fall. (Doc. 25, p. 3). Plaintiffs also urge that Mr. Wade noticed the opened Pine-Sol bottle on a nearby shelf <u>after</u> Mr. Deville fell. <u>Id</u>. Therefore, they say, he should have noticed the substance on the floor prior to the fall, leading to a conclusion of constructive knowledge. <u>Id</u>. However, Mr. Wade stated in his deposition that he checked the floor while working in that aisle and did not see any substance on the floor nor any opened Pine-Sol bottle on a nearby shelf. (Doc. 25-3, p. 7). Furthermore, Plaintiffs' niece, Ms. Penny McKnight ("Ms. McKnight"), slipped in the same spill prior to Mr. Deville's fall. (Doc. 25, p. 5). Ms. McKnight did not inform a Fred's employee of the spill and instead went to inform her aunt, Mrs. Deville,

4

that there was a substance on the floor. (Doc. 25-5, p. 15-16). When Mr. Deville fell, neither Ms. McKnight nor Mrs. Deville had informed any Fred's employee of the spill. (Doc. 23-1, p. 6). Therefore, Plaintiffs cannot meet their burden of proof that Fred's had actual or constructive knowledge of the spill under Louisiana's Merchant Liability Statute.

### C. Conclusion

As Plaintiffs have not provided substantial evidence to show Fred's had actual or constructive knowledge of the spill, the Fred's Motion for Summary Judgment will be **GRANTED**, and Plaintiff's claims **DISMISSED**, with prejudice.

**SIGNED** on this 20th day of April, 2017 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT